JUDGE KARAS

15 CV 02159

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

EDWARD SPECHT, an individual; on behalf of
himself and all others similarly situated,

                                        Plaintiffs,

            vs.

EASTERN ACCOUNT SYSTEM OF
CONNECTICUT, INC., a Connecticut
Corporation; JOSEPH P. COURTNEY JR.,
individually and in his official capacity; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                                        Defendants.

-------------------------------------------------------x

CASE NO.

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT AND NEW YORK
BENERAL BUSINESS LAW § 349**

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1.      Plaintiff, EDWARD SPECHT ("Plaintiff" or "SPECHT"), on behalf of himself

and all others similarly situated, and demanding a trial by jury, brings this action for the illegal

practices of Defendants, EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC.

("EASTERN") and JOSEPH P. COURTNEY JR. ("COURTNEY") (collectively referred to

hereinafter as "Defendants") who, *inter alia*, used false, deceptive, misleading, unconscionable,

and other illegal practices, in connection with their attempts to collect an alleged debt from the

Plaintiff and other similarly situated consumers.

2.      The Plaintiff alleges that Defendants' collection practices violate the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and New York General

Business Law §349 ("NY GBL § 349"), which prohibit the use of deceptive acts or practices in

the conduct of any business, trade or commerce or in the furnishing of any service.

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. §1692e(2)(B); communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, 15 U.S.C. §1692e(8);

and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. §1692e(10).

6.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Among these *per se* violations prohibited by that section are: collecting an amount not authorized by contract or permitted by law. 15 U.S.C. § 1692f(1).

7.      To protect the interests of consumers, the New York State Legislature through NY GBL § 349 has authorized individuals to act as private attorney generals by filing claims asserting violations of any acts or statutes by, e.g. a corporation.

8.      The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, injunctive relief, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, NY GBL § 349, and all other applicable common law or statutory regimes.

## II. PARTIES

9.      SPECHT is a natural person.

10.     At all times relevant to this complaint, SPECHT resided in the Hamlet of Hawthorne, Westchester County, New York.

11.     At all times relevant to this complaint, EASTERN is a for-profit corporation existing pursuant to the laws of the State of Connecticut. EASTERN maintains its principal business address at 75 Glen Road, Suite 110, Village of Sandy Hook, Fairfield County,

-3-

Connecticut.

12.    Plaintiff is informed and believes, and on that basis alleges, that COURTNEY, is a natural person who resides in the Town of New Milford, Litchfield County, Connecticut.

13.    Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14.    The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal policies and procedures, used by EASTERN employees, that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by EASTERN and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

15.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

16.    Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

17.    Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

18.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this

federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

19.     Sometime prior to March 24, 2014, Plaintiff allegedly incurred a financial obligation to ENT Faculty Practice, LLP for medical services ("ENT Obligation").

20.     The ENT Obligation arose out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

21.     Defendants contend that the ENT Obligation is in default.

22.     The alleged ENT Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to March 24, 2014, the creditor of the ENT Obligation either directly or through intermediate transactions assigned, placed, or transferred, the debt to EASTERN for collection.

25.     EASTERN collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

26.     EASTERN is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.     Plaintiff is informed and believes, and on that basis alleges, that COURTNEY is a principal owner, director, shareholder, officer, and/or manager of EASTERN.

28.    COURTNEY attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

29.    COURTNEY personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, oversaw, and benefitted financially from all of the illegal policies and procedures used by himself and other employees of EASTERN that are complained of herein.

30.    COURTNEY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31.    At all times relevant to this complaint the Defendants were engaged in conduct that was part of a scheme or business of making or collecting illegal charges from the Plaintiff and other similarly situated consumers in the State of New York.

32.    On or about March 24, 2014, EASTERN mailed a collection letter concerning the ENT Obligation, which is dated March 24, 2014, and which Plaintiff received in the ordinary course of mail. ("3/24/2014 Letter"). A true and correct copy of the 3/24/2014 Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

33.    The 3/24/2014 Letter was sent, or caused to be sent, by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34.    The 3/24/2014 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

35.    The 3/24/2014 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

36.    On information and belief, the 3/24/2014 Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and sent to consumers in the State of

New York, such as Plaintiff, from whom they are attempting to collect a debt.

37.     The 3/24/2014 Letter states at the top, "Balance Due: $101.65."

38.     The statement in the 3/24/2014 Letter that Plaintiff owes a "Balance Due: $101.65" is false because, if any balance was in fact due, it was only $31.65.

39.     The "Balance Due: $101.65" that Defendants sought to collect from Plaintiff included $70.00 in "Billing Fees" for the ENT Obligation which fees are neither authorized by the agreement creating the debt nor permitted by law.

40.     Plaintiff disputed the validity of the ENT Obligation.

41.     The 3/24/2014 Letter states at the bottom, "[a]ll completed payments are subject to a $2.95 processing fee charged by a third party vendor."

42.     On May 13, 2014, an unidentified EASTERN debt collector called Plaintiff's wife and demanded payment of $101.65 for the ENT Obligation and informed her it will affect Plaintiff's credit and conveying that payment would save his credit.

43.     On or about May 14, 2014, EASTERN mailed a second collection letter concerning the ENT Obligation, which is dated May 14, 2014, and which Plaintiff received in the ordinary course of mail. ("5/14/2014 Letter"). A true and correct copy of the 5/14/2014 Letter is attached hereto as ***Exhibit B***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

44.     The 5/14/2014 Letter was sent, or caused to be sent, by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

45.     The 5/14/2014 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

46.     The 5/14/2014 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

47.     On information and belief, the 5/14/2014 Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and sent to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

48.     The 5/14/2014 Letter states at the top, "**CREDIT REPORT INFORMATION REQUEST**." (Emphasis in Original).

49.     The 5/14/2014 Letter states at the top, "Balance Due: $101.65."

50.     The first paragraph of the 5/14/2014 Letter states:

> "We are a collection agency. More than 30 days ago we sent you a letter on behalf of the above mentioned client. Since you did not respond to the letter, we are assuming the debt is valid. Therefore, ***[ENT Faculty Practice, LLP] listed it on your credit report*.**" (Emphasis added).

51.     The statement in the 5/14/2014 Letter that ENT Faculty Practice, LLP listed the ENT Obligation on Plaintiff's credit report was false.

52.     The 5/14/2014 Letter states at the bottom, "[a]ll completed payments are subject to a $2.95 processing fee charged by a third party vendor."

53.     The 3/24/2014 Letter and 5/14/2014 Letter are collectively referred to hereinafter as the "Eastern Collection Letters."

54.     The statements in the Eastern Collection Letters that a "third party vendor" charges a "processing fee" for "all completed payments" is false.

55.     Plaintiff is informed, and believes, and therefore alleges the Eastern Collection Letters are intended to falsely convey that EASTERN is legally permitted to charge a $2.95 "processing fee" for credit card payments, when in fact such a fee is neither authorized by the agreement creating the debt nor permitted by law.

56.     Plaintiff is informed, and believes, and therefore alleges the Eastern Collection Letters are intended to falsely convey that EASTERN is legally permitted to charge a $2.95 "processing fee" for payments made by check or money order, when in fact such a fee is neither authorized by the agreement creating the debt nor permitted by law.

57.     Plaintiff is informed, and believes, and therefore alleges the Eastern Collection Letters are intended to falsely convey that EASTERN is legally permitted to charge a $2.95 "processing fee" for payments made by cash, when in fact such a fee is neither authorized by the agreement creating the debt nor permitted by law.

58.     Defendants intended that their materially false statements contained in the Eastern Collection Letters cause Plaintiff and other similarly situated consumers confusion about the exact amount of money they allegedly owed and the form of payment consumers may remit.

59.     Plaintiff paid the alleged ENT Obligation in the Amount of $101.65, which included $70.00 in improper Billing Fees, using his credit card and Defendants charged and took an additional $2.95 when collecting Plaintiff's payment.

60.     The additional $2.95 "processing fee" charged and collected by Defendants constitutes the collection of an amount incidental to the principal obligation that is neither expressly authorized by the agreement creating the debt nor permitted by law.

61.     The Defendants' characterization of the additional $2.95 charge as a "processing fee" is false, deceptive, and misleading in that it is well in excess of the actual amount, if any, Defendants incurred with respect to Plaintiff's credit card payment.

62.     The Defendants' characterization of the additional $2.95 charge as a "processing fee" is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of the fee charged.

-9-

63. The Defendants' characterization of the additional $2.95 charge as a "processing fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process a credit card payment transaction.

64. The Defendants' characterization of the additional $2.95 charge as a "processing fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process a debit card payment transaction.

65. The Defendants' characterization of the additional $2.95 charge as a "processing fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process a check or money order payment transaction.

66. The Defendants' characterization of the additional $2.95 charge as a "processing fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process a cash payment transaction.

67. The Defendants' characterization of the additional $2.95 charge as a "processing fee" is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the least sophisticated consumer, that Defendants are legally entitled to receive the fee when, in fact, they are neither legally nor contractually entitled to receive it.

## V. POLICIES AND PRACTICES COMPLAINED OF

68. It is Defendants' policy and practice to send written collection communications, in the form attached as **_Exhibits A & B_**, that violate the FDCPA by, *inter alia*:

    (a)    Making false representations concerning the character, amount, or legal status of any debt;

    (b)    Making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for

the collection of a debt;

(c)     Making false threats to take action that cannot legally be taken and/or that is not intended to be taken;

(d)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(e)     Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law.

69.     On information and belief, the Defendants' written communications, in the form attached as ***Exhibits A & B*** and as alleged in this complaint under the Facts Concerning Plaintiff, number in at least the hundreds.

## VI. CLASS ALLEGATIONS

70.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

71.     Plaintiff seeks to certify two classes, one of which contains two sub-classes.

72.     With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all natural persons in the State of New York, (b) to whom Defendants sent a written communication in the form attached as ***Exhibits A & B***, (c) that was not returned as undeliverable (d) in connection with Defendants' attempt to collect a debt, (e) which written communications included the statement that "[a]ll completed payments are subject to a $2.95 processing fee charged by a third party vendor," (f) during a period beginning one year prior to

-11-

the filing of this initial action and ending 21 days after the filing of this Complaint.

73.     With respect to the Plaintiff Class, this claim is brought on behalf of a sub-class of all persons who meet the class definition set forth, *supra*, and who paid their alleged debt(s) and were charged a "processing fee" by Defendants during a period beginning three years prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

74.     With respect to the Plaintiff Class, this claim is brought on behalf of a second sub-class of all persons in the State of New York, to whom Defendants sent a written communication in the form attached as ***Exhibits A & B***, that was not returned as undeliverable, in connection with Defendants' attempt to collect a debt on behalf of ENT Faculty Practice, LLP, and who paid their alleged debt(s), which amount paid included an undisclosed "Billing Fee" during a period beginning three years prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

75.     With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a) all natural persons in the State of New York, (b) to whom Defendants sent a written communication in the form attached as ***Exhibit B***, (c) that was not returned as undeliverable (d) in connection with Defendants' attempt to collect a debt, (e) which written communications included the statement that "Since you did not respond to the letter, we are assuming the debt is valid. Therefore, the client listed it on your credit report," (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

76.     The identities of all class members are readily ascertainable from the Defendants' business records and the records of those businesses and governmental entities on whose behalf they attempt to collect debts.

77.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

78.     There are questions of law and fact common to the First Plaintiff Class and Sub-Classes, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' written communications, in the form attached as ***Exhibits A & B***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1), and NY GBL § 349.

79.     There are questions of law and fact common to the Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' written communications, in the form attached as ***Exhibits A & B***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10).

80.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

81.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

82.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that

-13-

the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members.

     (i)   With respect to the First Plaintiff Class and Sub-Classes, the principal issues are whether the Defendants' written communications, in the form attached as *Exhibits A & B*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), and NY GBL § 349.

     (ii)   With respect to the Second Plaintiff Class, the principal issues are whether the Defendants' written communications, in the form attached as *Exhibit B*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10).

(c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests, which might cause them not to vigorously pursue the instant class

action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

83.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendants' letters, which are attached hereto as ***Exhibits A & B,*** violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination. Additionally, NY GBL § 349 specifically provides for injunctive relief as a remedy.

84.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

85.     Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Plaintiff Classes and/or Sub-Classes, Class Claims, and the class periods, and seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

86.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

87.     Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the form attached as ***Exhibits A & B***, include, but are not limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c)     Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

(d)     Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

(e)     Making false, deceptive, and misleading representations that consumers are required to provide Defendants with a written statement if s/he wishes to dispute the validity of the debt in violation of 15 U.S.C. § 1692e(10);

(f)     Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

(g)     Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by

-16-

law in violation of 15 U.S.C. § 1692f(1).

## VIII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

88.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

89.     Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the form attached as ***Exhibit B***, include, but are not limited to, the following:

(h)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(i)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(j)     Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

(k)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. § 1692e(8); and

(l)     Making false, deceptive, and misleading representations that consumers are required to provide Defendants with a written statement if s/he wishes to dispute the validity of the debt in violation of 15 U.S.C. § 1692e(10).

-17-

## IX. THIRD CAUSE OF ACTION
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
## (AGAINST ALL DEFENDANTS)

90.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

91.     The Defendants' collection actions complained of herein, include sending written communications to consumers that make false, deceptive, and misleading representations concerning the character, amount, or legal status of those debts, which constitutes a deceptive business practice in violation of NY GBL § 349.

92.     The Defendants' collection actions complained of herein, include sending written communications to consumers that make false, deceptive, and misleading representations concerning the services rendered or compensation which may be lawfully received by Defendants for the collection of those debts, which constitutes a deceptive business practice in violation of NY GBL § 349.

93.     The Defendants' collection actions complained of herein, also include the collection and attempted collection of amounts from consumers that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law, and Defendants made false, deceptive, and misleading representations to consumers that Defendants are legally entitled to collect these additional amounts of money, which constitutes a deceptive business practice in violation of NY GBL § 349.

94.     Defendants engaged in deceptive acts and practices, in violation of NY GBL §349 by collecting, and attempting to collect, additional monies from consumers to Defendants were not legally or contractually entitled to collect.

95.     The Defendants' actions complained of herein were committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of NY GBL § 349 independent of whether it also constituted a violation of any other law.

96.     The Defendants' actions complained of herein are consumer-oriented, involving deceptive representations made in form/standardized correspondence with large numbers of consumers. The violations alleged herein are recurring and have a broad impact upon the public.

97.     Indeed, although Plaintiff cannot presently state exactly how many such deceptive form letters were sent over the past three years, it is virtually certain to be in the hundreds, if not thousands.

98.     Plaintiff is informed and believes, and on that basis alleges that Defendants' collection letters in the form attached hereto as ***Exhibits A & B***, which makes false and deceptive representations, coupled with Defendants' collection of monies to which they have no legal or contractual entitlement to collect from consumers, is part of a policy and practice that is designed to, and has the effect of, unlawfully increasing Defendants' profits.

99.     Defendants' deceptive acts, by their nature, involve material misrepresentations of the amounts chargeable to the accounts that Defendants are attempting to collect.

100.    Defendants engaged in such conduct in the course of trade and commerce.

101.    Defendants knowingly and/or recklessly disregarded the unlawful nature of the debts they sought to collect from Plaintiff and other similarly situated consumers in the State of New York.

102.    As a result of Defendants' violations of NY GBL § 349, Plaintiff, and the sub-class of consumers he seeks to represent, has suffered actual and statutory damages of up to $1,000.00, attorney's fees, and costs as a result of these violations

-19-

## X. PRAYER FOR RELIEF

103.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

**A.     For the FIRST CAUSE OF ACTION:**

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SPECHT and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined above.

(ii)    An award of statutory damages for SPECHT and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)   An award of actual damages for SPECHT and the First Plaintiff Class, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

(iv)    For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' written collection communications, in the form attached hereto as ***Exhibits A & B***, violate the FDCPA;

(v)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi)    For such other and further relief as may be just and proper.

**B.     For the SECOND CAUSE OF ACTION:**

(i)     An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SPECHT and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

-20-

  (ii)  An award of statutory damages for SPECHT and the Second Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

  (iii)  An award of actual damages for SPECHT and the Second Plaintiff Class, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

  (iv)  For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' written collection communications, in the form attached hereto as ***Exhibit B***, violate the FDCPA;

  (v)  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

  (vi)  For such other and further relief as may be just and proper.

**C.**  **For the THIRD CAUSE OF ACTION**:

  (i)  An order certifying that the Third Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SPECHT and the undersigned counsel to represent the Plaintiff Sub-Classes as previously set forth and defined above;

  (ii)  An award of actual damages or $50.00 whichever is greater, and treble damages up to $1000.00, payable to Plaintiff and each member of the Plaintiff Sub-Class pursuant to NY GBL § 349(h);

  (iii)  Declaratory relief adjudging that the Defendants' written collection communications, in the form attached hereto as ***Exhibits A & B***, violate NY GBL § 349(h);

  (iv)  Declaratory relief adjudging that the Defendants' collection of a "processing fee" violates NY GBL § 349(h);

(v)     Declaratory relief adjudging that the Defendants' collection of undisclosed "Billing Fees" violates NY GBL § 349(h);

(vi)    Injunctive relief enjoining the Defendants from engaging in the unlawfully deceptive acts complained of herein including, but not limited to, collecting monies from consumers that are incidental to their alleged principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law, and sending written collection communications, in the forms attached hereto as *Exhibits A & B*;

(vii)   Attorney's fees, litigation expenses, and costs pursuant to NY GBL § 349(h); and

(viii)  For such other and further relief as may be just and proper.

## XI. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   Uniondale, New York
         March 23, 2015

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

*Attorney for Plaintiff, Edward Specht, and all others similarly situated*

# EXHIBIT "A"



CU065427
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

# EASTERN ACCOUNT SYSTEM
# OF CONNECTICUT, INC.

NYC Dept. of Consumer Affairs License No. 1244261

P.O. Box 837 ● Newtown, CT 06470

(800) 750-6343

Notice Date: March 24, 2014

270█ FIRST    27247█

PERSONAL & CONFIDENTIAL
EDWARD SPECHT

Hawthorne NY 10532-2327

### ACCOUNT IDENTIFICATION

EAS Account Number: 2707█
Creditor #: 11█
Creditor: ENT FACULTY PRACTICE
Balance Due: $101.65

## * * * FIRST NOTICE * * *

Your account has been placed with this office for collection. To avoid further collection activity, pay it in full. If you can not pay it in full or have a problem, contact our office.

### **IMPORTANT**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained from you or anyone else will be used for that purpose. This communication has been sent by a debt collector.

Office hours are 9am to 5pm EST, Monday-Friday.

69CU065427FIRST

----------------------------------------Detach and Return with Payment----------------------------------------

**Enter the requested information in the spaces provided below:**

Change of Address: _____

For: EDWARD SPECHT

Street Address: _____

City, State, Zip: _____

Telephone: _____

Please charge to my:    ☐ VISA  ☐ MASTERCARD
Amount Enclosed: $ _____

Card Number _____

Expiration Date_____/_____

Security Code (from back of card) _____

Name of Cardholder _____

Signature _____

All completed payments are subject to a $2.95 processing fee charged by a third party vendor. Or visit www.easternpayments.com.

Creditor #: 116082
Creditor: ENT FACULTY PRACTICE
Notice Date: March 24, 2014
EAS Account Number: 2707█
Balance Due: $101.65  Amount Enclosed: $_____

Eastern Account System of Connecticut, Inc.
PO Box 837
Newtown CT 06470-0837

**Enclosing this notice with your payment will expedite credit to your account.**

FIRST

# EXHIBIT "B"



CU065427
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

# EASTERN ACCOUNT SYSTEM
## OF CONNECTICUT, INC.

NYC Dept. of Consumer Affairs License No. 1244261
P.O. Box 837 • Newtown, CT 06470
(800) 750-6343

Notice Date: May 14, 2014

### ACCOUNT IDENTIFICATION

EAS Account Number: 2707▮▮▮▮
Creditor #: 116082
Creditor: ENT FACULTY PRACTICE
Balance Due: $101.65

2707▮▮ CBI   31047▮▮▮
PERSONAL & CONFIDENTIAL
EDWARD SPECHT ▮▮▮▮▮
Hawthorne NY 10532-2327

## CREDIT REPORT INFORMATION REQUEST

We are a collection agency.  More than 30 days ago we sent you a letter on behalf of the above mentioned client.  Since you did not respond to the letter, we are assuming the debt is valid.  Therefore, the client listed it on your credit report.

If you paid this debt, please state the date of payment and the person or entity to whom you paid it.

I paid this debt on _____ to _____.

Once we verify payment, we will report the debt as paid.

If you dispute the debt, state the nature of the dispute on the reverse side of this letter and return it to us in the enclosed envelope.

Office hours are 9am to 5pm EST, Monday –Friday.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.. This communication has been sent by a debt collector.

69CU065427CBI

-------------------------------------------------Detach and Return with Payment-------------------------------------------------

**Enter the requested information in the spaces provided below:**

Change of Address: _____

For: EDWARD SPECHT

Street Address: _____

City, State, Zip: _____

Telephone: _____

Please charge to my:   ☐ VISA  ☐ 💳
Amount Enclosed: $_____

Card Number _____

Expiration Date _____ /_____

Security Code (from back of card) _____

Name of Cardholder _____

Signature _____

All completed payments are subject to a $2.95 processing fee charged by a third party vendor. Or visit www.easternpayments.com.

Creditor #: 116082
Creditor: ENT FACULTY PRACTICE
Notice Date: May 14, 2014
EAS Account Number: 2707▮▮▮▮
Balance Due: $101.65 Amount Enclosed: $_____

Eastern Account System of Connecticut, Inc.
PO Box 837
Newtown CT 06470-0837

**Enclosing this notice with your payment will
expedite credit to your account.**

CBI