UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
EDWARD SPECHT, an individual; on behalf of
himself and all others similarly situated,

                Plaintiffs,

vs.

EASTERN ACCOUNT SYSTEM OF
CONNECTICUT, INC., a Connecticut
Corporation; JOSEPH P. COURTNEY JR.,
individually and in his official capacity; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                Defendants.
---------------------------------------x

CASE NO.: 7:15-cv-02159-PED

**CONSENT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT**

**PLEASE TAKE NOTICE THAT** upon this Notice of Motion and Motion, Plaintiff, Edward Specht ("Plaintiff"), on consent of Defendants, Eastern Account System of Connecticut, Inc., ("Eastern Account") and Joseph Courtney Jr. ("Courtney") (collectively "Defendants"), will move this Honorable Court, on a date and time to be determined by the Court in Courtroom 420 at the United States Court House, for the Southern District of New York, which is located at 300 Quarropas Street, White Plains, New York 10601, for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement. Specifically, the Parties will jointly request this Court, pursuant to Fed. R. Civ. P. 23, enter an Order certifying this case to proceed as a class action, and granting preliminary approval of their Settlement, on behalf of the following class and sub-classes:

- **Class:**

    All natural persons in the State of New York, to whom Eastern Account System of Connecticut, Inc. mailed a written communication, in connection with its attempt to collect a debt, which included a statement that "[a]ll completed payments are subject to a $2.95 processing fee charged by a third party vendor," during the period beginning March 23, 2014 and ending March 23, 2015.

- **<u>Sub-Class No. 1</u>**:

    All natural persons in the State of New York from whom Eastern Account collected a $2.95 "processing fee" indicated in the Settlement Class.

- **<u>Sub-Class No. 2</u>**:

    All natural persons in the State of New York from whom Eastern Account collected an undisclosed "billing fee" on those accounts sent out on behalf of its client ENT Faculty Practice, LLP.

In support of this motion, Plaintiff respectfully states the following:

1. Plaintiff's complaint alleges that Defendants engaged in false, deceptive, and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq*. ("FDCPA"), and New York General Business Law ("GBL") § 349(h), by mailing consumers collection letters that attempt to collect a $2.95 "processing fee" for "all completed payments." [Doc. 1]. Plaintiff's complaint alleges that Eastern Account's "processing fee," and its client's undisclosed "billing fee," are neither expressly authorized by the agreement creating Plaintiff's debt or permitted by law and, therefore, violated 15 U.S.C §§ 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1). *Id.*

2. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

3. Defendants have denied all liability to Plaintiff and the Settlement Class. [Doc. 12]. However, during discovery Defendants produced information regarding actual and statutory damages, as well as the number of Class Members for the class and sub-classes. Specifically, information learned during discovery revealed there are approximately: 23,451 persons who meet the Settlement Class definition; 2,935 persons who paid a "processing fee" and, therefore, meet the Sub-Class No. 1 definition; and 149 persons who paid the undisclosed "billing fee" and, therefore, meet the Sub-Class No. 1 definition.

4. There are questions of law and fact common to the Settlement Class, which issues predominate over any issues affecting only individual class members. The common factual issue is that Defendants mailed Plaintiff and each Settlement Class Member a *standardized*, computer-generated, collection letter that included a statement that "[a]ll completed payments are subject to a $2.95 processing fee charged by a third party vendor," which Plaintiff contends is neither authorized by the agreement creating the debt nor permitted by law. The common legal issues are whether Eastern Account's foregoing collection letters violate 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1), and NY GBL § 349(h).

5. There are no individual issues other than identifying the individual class members, which is a ministerial task Defendants have already accomplished through a review of their business records.

6. Plaintiff's claims are typical of those of the class members—indeed, all are based on the same alleged facts and the same legal theories.

7. The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Moreover, neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue this action.

8. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    (a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2);

    (b) Most of the class members are unaware of their rights and have no knowledge their rights are allegedly being violated by Defendants' collection letters;

(c)     The interest of class members to individually control the litigation is small because the actual damages are approximately $2.95, and the maximum statutory damages in an individual action are limited to a recovery of *up to* $1,000.00; and

(d)     Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

9.     Accordingly, Plaintiff, on Defendants' consent, requests certification of a class action and preliminary approval of the Parties' class settlement agreement pursuant to Rule 23(b)(3). The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declarations of Andrew T. Thomasson, Philip D. Stern, and Abraham Kleinman, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by counsel for the Parties with respect to this motion.

Respectfully submitted this 28th day of August 2016.

                                            *s/ Andrew T. Thomasson*
                                            Philip D. Stern
                                            Andrew T. Thomasson
                                            STERN•THOMASSON LLP
                                            150 Morris Avenue, 2nd Floor
                                            Springfield, NJ 07081-1329
                                            Telephone: (973) 379-7500
                                            E-Mail: philip@sternthomasson.com
                                            E-Mail: andrew@sternthomasson.com

                                            Abraham Kleinman
                                            KLEINMAN LLC
                                            626 RXR Plaza
                                            Uniondale, NY 11556-0626
                                            Telephone: (516) 522-2621
                                            Facsimile: (888) 522-1692
                                            E-Mail: akleinman@kleinmanllc.com

                                            *Attorneys for Plaintiff, Edward Specht, and all others similarly situated*