```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
EDWARD SPECHT, individually and on
behalf of all others similarly situated         15-cv-2159
consumers,
```

**PRELIMINARY APPROVAL ORDER**

```
                        Plaintiff,

        -against-

EASTERN ACCOUNT SYSTEM OF
CONNECTICUT, INC., a CONNECTICUT
CORPORATION; JOSEPH P. COURTNEY JR.
individually and in his official
capacity; and, JOHN AND JANE DOES
NUMBERS 1 THROUGH 25,

                        Defendant(s).
-------------------------------------x
```

The Court, having considered the Plaintiff's motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement (the "Agreement") between Plaintiff, Edward Specht ("Plaintiff"), individually, and as a representative of the class of persons defined below (the "Settlement Class"), and Defendants, Eastern Account System of Connecticut ("Eastern Account") and Joseph Courtney ("Courtney").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

A. The Settlement Class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the proposed Settlement Class.

C. The individual claims of Plaintiff are typical of the claims of the Settlement Class;

D. Plaintiff is an appropriate and adequate representative for the Settlement Class;

E.  The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members.

F.  A class action is superior to other methods for fairly and efficiently settling this controversy;

G.  With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g) the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Stern•Thomasson LLP and Kleinman LLC, have, and will continue to, fairly and adequately represent the interests of the Settlement Class;

H.  With respect to the proposed Agreement, after consideration of the Agreement attached as **Exhibit A** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.  And the Court being duly advised in the premises,

**IT IS HEREBY ORDERED:**

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P.23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

(a)  defines the "Settlement Class" as:

> All natural persons in the State of New York, to whom Eastern Account System of Connecticut, Inc. mailed a written communication, in connection with its attempt to collect a debt, which included a statement that "[a]ll completed payments are subject to a $2.95 processing fee charged by a third party vendor," during the period beginning March 23, 2014 and ending March 23, 2015.

and further defines the "Sub-Classes" as:

**Sub-Class No. 1:**

All natural persons in the State of New York from whom Eastern Account collected a $2.95 "processing fee" indicated in the Settlement Class.

2 | P a g e

<u>Sub-Class No. 2</u>:

All natural persons in the State of New York from whom Eastern Account collected an undisclosed "billing fee" on those accounts sent out on behalf of its client ENT Faculty Practice, LLP

(b) defines the "Class Claims" as those claims arising from Eastern Account's collection letters, which include a statement that "[a]ll completed payments are subject to a $2.95 processing fee," and which includes an undisclosed billing fee.

(c) appoints Plaintiff as the Class representative;

(d) appoints Plaintiff's counsel, Andrew T. Thomasson, Philip D. Stern, and Abraham Kleinman as Class Counsel; and

(e) appoints Dahl Administration, LLC as the Settlement Administrator to administer notice to Settlement Class Members and administer the Settlement

2. The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of each member of the Settlement Class (collectively, the "Settlement Class Members") as shown in Eastern Account's business records. Class counsel will cause the Class Notice to be mailed to Settlement Class Members on or before October 10, 2016. Class Counsel will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3. The Court finds that mailing of the Class Notice, and the Parties' notice plan, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Settlement Class Members shall have until December 2, 2016. to exclude themselves from, or object to, the Settlement Class Members desiring to exclude themselves from the action must serve copies of the request on the Settlement Administrator by that date.

5. Settlement Class Members who wish to object to the Settlement must submit an objection in writing to the Clerk of the United States

District Court for the Southern District of New York, and serve copies of the objection on the Settlement Administrator. All objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, telephone number, and four digits of their Social Security Number; (2) a sentence stating that to the best of his or her knowledge s/he is a member of the Settlement Class;(3) the name and number if the case: *Edward Specht, v Eastern Account System of Connecticut, Inc., Joseph P. Courtney, Jr,* SDNY Case No. 7:15-cv-02159-PED; (4) the factual basis and legal grounds for the objection to the Settlement; (5) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing; and (6) copies off any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The objection must indicate whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than December 2, 2016. and shall include the full caption and case number of each previous class action case in which that lawyer(s)has represented an objector.

6. To be effective, any claim form, request for exclusion or objection must be postmarked by December 2, 2016.

7. If not already filed, Defendants shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

8. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on December 14, 2016, at 10:30 a.m.

**IT IS SO ORDERED:**

HONORABLE PAUL E. DAVISON
Magistrate Judge, United States District Court

Dated: 9/26/16

4 | Page